IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS JAIME CASTILLO BUTTERS </br></br> PLAINTIFF, </br></br> v. </br></br> THE NATIONAL ACADEMY OF SCIENCES </br></br> AND </br></br> MARCIA McNUTT </br></br> DEFENDANTS. | Civil Action No. 1:22-cv-3054 |

## COMPLAINT

Plaintiff, Luis Jaime Castillo Butters ("Castillo" or "Plaintiff"), by counsel and for its Complaint against Defendants states as follows:

## NATURE OF CASE

1. This case arises out of Defendants', the National Academy of Sciences ("NAS") and Marcia McNutt's ("McNutt") (together "Defendants"), defamation of Castillo.

## PARTIES

2. Plaintiff Luis Jaime Castillo Butters is a prominent and world-renowned scientist in the social and anthropological sciences, specifically archaeology, and a former member of the National Academy of Sciences.

3. Castillo was and remains a professor of archaeology at the Pontifica Universidad Catolica in Peru ("PUCP") when elected to join NAS and served as Deputy Minister of Culture of Peru from 2013 to 2015, and later served as Minister of Culture of Peru from July 2019 to September 2019.

1

4. The National Academy of Sciences is a private, nonprofit organization of the United States' leading researchers with a principal place of business at the National Academy of Sciences Building, 2101 Constitution Avenue, NW, Washington, DC 20418.

5. NAS promotes excellence in the sciences through membership as elected by NAS members and publishing peer-reviewed articles in its flagship publication, *Proceedings of the National Academy of Sciences* or *PNAS*.

6. McNutt is the current president of NAS and was the president when the alleged incidents occurred.

7. McNutt and NAS defamed Castillo in their public statements about Castillo and their reasons for dismissing him from NAS, thereby revoking this honor, statements which were unfounded, untrue, and malicious.

8. McNutt is liable personally because she made the statements herself, and because NAS employs McNutt, NAS is liable under the doctrine of *respondeat superior*.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under 28 U.S.C. § 1332(a) as there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has supplemental subject matter jurisdiction over the state law and common law claims pursuant to 28 U.S.C. § 1367(a).

10. This Court may exercise personal jurisdiction over NAS and McNutt because the alleged torts they committed were in the District of Columbia.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because each Defendant is subject to personal jurisdiction in this District as the tort of defamation was committed in the District of Columbia.

## FACTS

### DEFENDANTS' DEFAMATION

12. In 2012, the NAS membership elected Castillo to membership as a foreign associate member. (In 2019, NAS changed this title to "international member.")

13. On October 13, 2021, McNutt, acting both personally and as President of NAS, communicated with members of NAS that NAS had revoked Castillo's honor of NAS membership due to sexual harassment allegations.

14. On October 15, 2021, McNutt, acting both personally and as President of NAS, communicated to the public that NAS had revoked Castillo's honor of NAS membership due to sexual harassment allegations.

15. The basis of these allegations are published blog posts and reportedly an internal NAS investigation.

16. Upon information and belief, McNutt and NAS relied on these blog posts detailing alleged sexual harassment using only unidentified and uncorroborated sources.

17. NAS conducted its own internal investigation without involving Castillo or sharing with him the results and/or a report of the investigation.

18. Subsequently, McNutt and NAS published press statements disavowing Castillo over his alleged sexual harassment.

19. Castillo vehemently denied and still denies these unsubstantiated accusations.

20. Similar allegations were repeated by a former student, Marcela Poirier ("Poirier").

21. In Peru, Castillo sued Poirier for defamation.

22. In May 2022, the judge found Poirier guilty (in Peru it is a criminal violation) for eighteen posts on her Facebook page alleging sexual misconduct, and awarded Castillo a significant damages award, approximately $48,000 in U.S. dollars, as well as giving Ms. Poirier a suspended jail sentence of one year and eight months.

23. McNutt has since become aware of the outcome of the trial in Peru because upon information and belief, she contributed to a fund to pay Poirier's fine.

24. Upon information and belief, after the verdict in Peru exonerating Castillo, neither McNutt nor NAS took any remedial action by, for example, publishing press releases informing the members of NAS or the public of the new developments.

25. McNutt and NAS were willing to defame Castillo on untried evidence but proved themselves unwilling to correct themselves or contradict the incriminating public narrative they helped to magnify with exculpatory information.

26. Because they relied on this unsourced blog post and an unreleased investigative report to publicly revoke the honor of NAS membership, McNutt and NAS defamed Castillo' character.

27. McNutt and NAS should have relied on evidence introduced in a court of law, evidence that can be tested for its credibility by a judge or a jury of Castillo's peers, before publicly defaming him.

28. By not doing this, by acting rashly and without concern for the damage the publication of these allegations would do to Castillo's professional and personal reputation, McNutt and NAS were not only negligent but showed a reckless disregard for the truth.

29. They continue to show a reckless disregard by not publicly reversing course in light of the outcome of adjudication in Peru and lack of any claims brought here in the United States by his alleged victims.

30. Castillo, while a highly respected academic scientist, he is not a public figure in the United States, as he is not a public official, a candidate for public office, or a person of wide renown, nor is he a limited-public figure wading into a public controversy by expressing an opinion. Therefore, McNutt and NAS should not be held to the malice standard. (*See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).)

31. Because of this defamation of Castillo's character to the community of his scientific peers, he has suffered severe professional and personal damages.

## COUNT I
## Libel

32. Castillo incorporates the allegations of Paragraphs 1 through 31 as if fully restated herein.

33. NAS published a press release and otherwise communicated to members of NAS and the public defaming Castillo before sufficient evidence was available to substantiate the publication and is therefore liable as an organization for libel against Castillo.

34. McNutt, both personally and as President of NAS, published a press release and otherwise communicated to members of NAS and the public defaming Castillo before sufficient evidence was available to substantiate the publication and is therefore liable both personally and as President of NAS for libel against Castillo.

35. Defendants NAS and McNutt published defamatory statements such that:

    a.    NAS and McNutt made false and defamatory statements concerning Castillo by publishing press releases concerning alleged sexual harassment by Castillo which were false;

    b.    NAS and McNutt published these statements without privilege to third parties, namely the members of NAS and the public;

    c.    NAS and McNutt's fault in publishing the statements amounted to at least negligence;

    d.    And that the statements are actionable as a matter of law irrespective of special harm or that its publication caused Castillo special harm. *See Jankovic v. International Crisis Group*, 494 F.3d 1080, 1088 (2007).

36.    These statements were "defamatory [because] they injure[d] the plaintiff in his trade, profession or community standing, [and] lower[ed] him in the estimation of the community." *Moss v. Stockard*, 580 A.2d 1011, 1023 (D.C. 1990).

37.    These statements were defamatory because they were "more than unpleasant or offensive; [they made] the plaintiff appear 'odious, infamous, or ridiculous.'" *Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984).

38.    Plaintiff suffered special harm and direct damages as a result of this defamation.

39.    Plaintiff has suffered damages in the amount of $5,000,000.00 for special harm to his personal reputation and scientific career.

## COUNT II
### False Light Invasion of Privacy

40.    Castillo incorporates the allegations of Paragraphs 1 through 39 as if fully restated herein.

41. Defendants NAS and McNutt are liable to Castillo because they gave publicity to a matter in a false light and as such invaded his privacy by:

    a. Casting a false light on Castillo such that the light Defendants cast on him was highly offensive to a reasonable person; and

    b. NAS and McNutt acted in reckless disregard as to the falsity of the publicized matter and the false light in which Castillo was placed. *See White v. Fraternal Order of Police*, 909 F.2d 512, 522, 285 U.S.App.D.C 273, 283 (1990).

42. Plaintiff has suffered damages in the amount of $5,000,000.00 for special harm to his personal reputation and scientific career.

## PRAYER FOR RELIEF

WHEREFORE, Luis Jamie Castillo Butters, respectfully requests that this Court enter judgment in his favor and against each of the Defendants and prays that this Court:

1. Award damages against Defendants the National Academy of Sciences and Marcia McNutt, jointly and severally, in the amount of $5,000,000.00 for libel and false light invasion of privacy;

2. Award pre-judgment and post-judgment interest;

3. Grant such other and further relief as the Court should deem just.

## JURY DEMAND

Plaintiff Luis Jaime Castillo Butters, hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: October 7, 2022

Respectfully submitted,
Luis Jaime Castillo Butters

By:    /s/ Milton C. Johns_____
Milton C. Johns, VSB No. 42305
D.D.C Attorney Number VA072
Executive Law Partners PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030
(571) 500-1010
(571) 408-8102 – facsimile
mjohns@xlppllc.com