# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

**LUIS JAIME CASTILLO BUTTERS**,

Plaintiff,

v.

**NATIONAL ACADEMY OF SCIENCES,**
*et al*,

Defendants.

---

Civil Action No. 22-3054 (TSC)

## <u>MEMORANDUM OPINION</u>

Plaintiff Luis Jaime Castillo Butters brings this action against the National Academy of Sciences ("NAS") and Marcia McNutt.  Compl., ECF No. 1.  Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defs. Mot. to Dismiss, ECF No. 4.  Plaintiff opposes and alternatively seeks leave to amend the Complaint.  Pl. Opp'n, ECF No. 6.  Upon consideration of the Complaint and the parties' briefing, the court recognizes significant pleading deficiencies in Plaintiff's Complaint.  For reasons further explained, the court will GRANT Defendants' motion to dismiss and will dismiss Plaintiff's Complaint without prejudice.

## I.        Background

For purposes of assessing Defendants' motion, the court assumes the truth of the Complaint's factual allegations.

Plaintiff is a scientist, professor of archaeology, and a former NAS member.  Compl. ¶ 2.

NAS is a private nonprofit organization of leading researchers, based in the District of Columbia.

*Id.* ¶ 4.  McNutt was then, and is currently, NAS president.  *Id.* ¶ 6.

In 2012, the NAS membership elected Plaintiff as a foreign associate member.  *Id.* ¶ 12.

Nine years later, on October 13, 2021, McNutt sent an email to NAS members stating:

> I write to inform you that an international NAS member's membership has been
> rescinded for violating the NAS Code of Conduct.  This notification is
> confidential and intended only for NAS members.  More detailed information is
> posted on the NAS Members' Center password protected website.

Defs. Reply, Attach. B, ECF No. 8-1 at 7; *see* Compl. ¶¶ 13, 34–35.  Two days later, on October

15, 2021, McNutt issued a press release on the NAS website that stated, in relevant part:

> The following actions have been taken following review of complaints (with the
> effective date): . . . Luis Jaime Castillo Butters; NAS Code of Conduct violation,
> Section 4; membership rescinded (October 9, 2021).

Defs. Reply, Attach. A, ECF No. 8-1 at 4; *see* Compl. ¶¶ 14, 34–35.  Plaintiff alleges that these

two statements defamed his character and damaged his personal and professional reputation.  *See*

Compl. ¶¶ 26–31, 35–39, 42.

Plaintiff claims his NAS membership was rescinded due to false sexual harassment

allegations made by Marcela Poirier (a former student), that were the subject of an internal NAS

investigation.  *Id*.  ¶¶ 13–17, 20.  Plaintiff sued Poirier in Peru for defamation, and claims that in

May 2022 a Peruvian court found Poirier's allegations to be "untrue."  *Id.* ¶¶ 20–22.  Plaintiff

was awarded approximately $48,000, and Poirier was sentenced to a suspended jail sentence of

one year and eight months.[1]  *Id.* ¶ 22.  Plaintiff further alleges that Defendants knew about the

---

[1] Castillo does not explain whether Poirier was found guilty in a separate criminal proceeding or
if, under Peruvian law, defamation is a criminal action that supports an award of restitution.

Peruvian court's decision, because McNutt contributed to a fund to pay Poirier's fine, but that NAS nonetheless declined to retract the October 13th and 15th statements.  *Id.* ¶ 23.

## II.     Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must provide enough facts to state a claim that is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  When considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See Twombly*, 550 U.S. at 555.  But the court does not assume the truth of legal conclusions, *see Iqbal*, 556 U.S. at 678, or "accept inferences that are unsupported by the facts set out in the complaint," *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007).

"In deciding a motion to dismiss, a court may . . . consider documents attached to or incorporated in the complaint."  *He Depu v. Yahoo! Inc.*, 950 F.3d 897, 901 (D.C. Cir. 2020) (internal quotation omitted).  The D.C. Circuit has held that the court may consider a document provided by a defendant in a motion to dismiss if it is "referred to in the complaint" and is "integral" to the plaintiff's claim.  *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *see also Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment.").

3

### III.    Analysis

Although Plaintiff did not provide the allegedly defamatory statements in his Complaint,

Defendants provided them in their reply, *see* Defs. Reply, Attachs. A and B, ECF No. 8-1, and

Plaintiff has confirmed that they are indeed the allegedly defamatory statements referenced in his

Complaint, Pl. Surreply, ECF No. 9 at 2.  Given that these statements are "integral" to Plaintiff's

claim, and he has confirmed their authenticity, the court will consider them to the extent Plaintiff

relies upon them.  *See Kaempe*, 367 F.3d at 965.

Under District of Columbia law, a plaintiff suing for defamation must allege:

> (1) that the defendant made a false and defamatory statement concerning the
> plaintiff;
> (2) that the defendant published the statement without privilege to a third party;
> (3) that the defendant's fault in publishing the statement amounted to at least
> negligence; and
> (4) either that the statement was actionable as a matter of law irrespective of
> special harm or that its publication caused the plaintiff special harm.

*Croixland Props. Ltd. P'ship v. Corcoran,* 174 F.3d 213, 215 (D.C. Cir. 1999) (cleaned up);

Restatement (Second) of Torts § 558 (1976).  To state a claim for false light invasion of privacy,

a plaintiff must show: "(1) publicity; (2) about a false statement, representation or imputation;

(3) understood to be of and concerning the plaintiff; and (4) which places the plaintiff in a false

light that would be offensive to a reasonable person." *Armstrong v. Thompson*, 80 A.3d 177, 188

(D.C. 2013) (internal quotation marks and citation omitted).  "[B]ecause the elements of a false

light claim are similar to those of a defamation claim, courts often analyze the two claims in the

same manner." *Zimmerman v. Al Jazeera Am., LLC,* 246 F. Supp. 3d 257, 274 (D.D.C. 2017).

Plaintiff alleges that Defendants communicated, first to NAS membership and then to the

public, that his NAS membership had been revoked due to "*sexual harassment allegations*."

Compl. ¶¶ 13–14 (emphasis in original).  However, the statements at issue say no such thing.

McNutt's October 13th email states "that an international NAS member's membership has been

rescinded for violating the NAS Code of Conduct."  Defs. Reply, Attach. B, ECF No. 8-1 at 7.
The October 15th press release states that Plaintiff's membership was rescinded due to a "NAS
Code of Conduct violation, Section 4."  *Id*. at 4.  Neither of the two statements say or even imply
that Plaintiff's membership was revoked due to sexual harassment, and the first statement does
not identify Plaintiff at all.

Consequently, Plaintiff has not pled sufficient facts to establish the elements of a
defamation claim.  He acknowledges that Defendants did indeed rescind his NAS membership
for the reason it stated.  *See* Compl.  ¶¶ 13–14 (alleging that Defendants rescinded his
membership because of "sexual harassment allegations" and their conclusion that he committed a
Code of Conduct, Section 4 violation); *see also* Pl. Surreply, ECF No. 9 at 2 (arguing that the
alleged defamatory statements "show that [Defendants] ejected [Plaintiff] for conduct
violations").  And he does not allege that Defendants' statements as to why they revoked his
membership are false, as is required for a defamation claim.  *See e.g.*, *Moldea v. New York Times
Co.*, 15 F.3d 1137, 1142 (D.C. Cir. 1994), *modified*, 22 F.3d 310 (D.C. Cir. 1994) ("A
defendant's statements must also be shown to be false by a preponderance of the evidence—truth
is a complete defense to defamation."); *Armstrong*, 80 A.3d at 189 (dismissing a false light claim
after finding the communications "were not defamatory as a matter of law" and consequently
they "fail[ed] to meet the requirement that they be about a false statement, representation, or
imputation").

In his opposition, Plaintiff clarifies that he "is not arguing that his membership revocation
is defamatory.  Rather, Plaintiff argues that the reason his NAS membership was revoked and
that the *reason* was *published* is defamatory."  Pl. Opp., ECF No. 6 at 4 (emphasis in original).
This appears to be a defamation by implication claim.

"A defamation by implication stems not from what is literally stated, but from what is implied." *White v. Fraternal Ord. of Police*, 909 F.2d 512, 518 (D.C. Cir. 1990).  The theory "is that even concededly accurate information is capable of bearing a defamatory meaning." *Id*. at 519.  However, such "a communication can be defamatory by implication" only "if, 'by the particular manner or language in which the true facts are conveyed, [the communication] supplies additional, affirmative evidence suggesting that the defendant intends or endorses the defamatory inference.'" *Armstrong*, 80 A.3d at 184 (quoting *White*, 909 F.2d at 520).  It is "immaterial" whether the author "actually intends or endorses the defamatory inference;" instead, "the court must first examine what defamatory inferences might reasonably be drawn from a materially true communication, and then evaluate whether the author or broadcaster has done something beyond the mere reporting of true facts to suggest that the author or broadcaster intends or endorses the inference." *White*, 909 F.2d at 520.

Here, as noted above, Defendants' two statements declare only that Plaintiff's membership was rescinded for a Code of Conduct, Section 4 violation—Plaintiff has not shown that the statements could imply that he engaged in sexual harassment.  Indeed, the Complaint does not even state what behavior constitutes a Code of Conduct, Section 4 violation.  Further, Plaintiff has not alleged any facts showing that Defendants' statements were false, that they knew the harassment allegations were false, or that their investigation into the allegations was deficient.

Because courts "freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff may re-plead his claims if he is able to clearly identify factual and legal bases for it to proceed.  *See Murray v. Gilmore*, 406 F.3d 708, 712 (holding that "dismissal

of an action without prejudice is a final disposition but dismissal of a complaint without prejudice typically isn't").

### IV.    Conclusion

For the foregoing reasons, the court will GRANT in part and DENY in part Defendants' motion to dismiss.  Defs. Mot. to Dismiss, ECF No. 4.  The court will dismiss Plaintiff's Complaint without prejudice.  A corresponding Order will accompany this Memorandum Opinion.

Date: May 31, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge