UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS JAIME CASTILLO BUTTERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL ACADEMY OF SCIENCES, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 22-cv-3054 (TSC) |

**MEMORANDUM OPINION**

Plaintiff—a former member of the National Academy of Sciences ("NAS")—sued NAS and its President, alleging that they defamed him and portrayed him in a false light in several statements about their decision to rescind his membership. Having considered the operative Complaint and the briefing, the court will GRANT Defendants' Motion to Dismiss.

### I.   BACKGROUND

Plaintiff is an archeologist who was elected a member of NAS in 2012. Am. Compl., ECF No. 12 ¶¶ 2, 12. His membership was rescinded in October 2021. *Id.* ¶ 13. Plaintiff alleges that in rescinding his membership, Defendants made several statements that defamed him and painted him in a false light, including telling NAS members and publishing on its website that Plaintiff violated the NAS Code of Conduct. *Id.* ¶¶ 14–15; *id.* Ex. 1 at 1. Defendants stated they rescinded Plaintiff's membership for violation of Section Four of the NAS Code of Conduct, which requires NAS members to "treat all individuals in the scientific enterprise collegially and with respect," and prohibits "all forms of discrimination, harassment, and

1

bullying in [members'] professional encounters." *Id.* Ex. 2 at 1 (internal footnotes omitted). Plaintiff alleges that Defendants rescinded his membership because of "baseless and untrue" sexual harassment allegations, relying on "blog posts" that used "unidentified sources," and "its own internal investigation." *Id.* ¶¶ 20–23, 25.

This court granted Defendants' initial motion to dismiss without prejudice, *see* Order, ECF No. 11, finding that Plaintiff failed to state a claim for defamation or false light invasion of privacy because he did not plead that Defendants made a false statement, Mem. Op., ECF No. 10 at 4–6. Plaintiffs subsequently filed the operative Amended Complaint, and Defendants again moved to dismiss. Mot. to Dismiss, ECF No. 14.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court presumes the truth of the complaint's factual allegations as well under Rule 12(b)(6), *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but need not "accept as true 'a legal conclusion couched as a factual allegation,'" nor "inferences [that] are unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted).

### III. ANALYSIS

### A. Counts One and Three

The parties agree that D.C. law applies to this dispute. Under D.C. law, "the elements of a false light claim are similar to those of a defamation claim," so "courts often analyze the two claims in the same manner, particularly where a plaintiff rests both claims on the same underlying allegations." *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 274 (D.D.C. 2017); *accord* Mem. Op. at 4. Consequently, the court will analyze Count One, the defamation claim, together with Count Three, the false light claim.

As to Counts One and Three, Defendants contend that Plaintiff insufficiently pled that Defendants made a "false statement" and acted with "at least negligence." *See Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999) (citation omitted) (requiring allegations of a false statement and negligence to state a defamation claim); *Armstrong v. Thompson*, 80 A.3d 177, 188 (D.C. 2013) (citation omitted) (requiring allegations of a false statement and negligence to state a false light claim). Because the court concludes that Plaintiff failed to allege Defendants made a false statement, the court need not consider Defendants' arguments that Plaintiff failed to allege that Defendants acted negligently.

To plead a false statement, it is insufficient to allege only that the defendant made a statement about a decision and the plaintiff disagrees with the underlying substance of that decision. For example, this court has held that a plaintiff failed to state a defamation claim when she alleged that defendants told "[e]veryone who worked at" her office that the "reason for her termination was because she sent 'illegal' emails," because that was indeed the reason for her termination, even though plaintiff disagreed that the emails she sent were "illegal" or justified her termination. *Ruifang Hu v. K4 Sols., Inc.*, No 18-cv-1240, 2020 WL 1189297, at *2, *4, *11

3

(D.D.C. Mar. 12, 2020). This court explained that the statements were not "false," because plaintiff "herself acknowledge[d] that she was terminated for this very reason," regardless of her disagreement with whether or not the emails were actually illegal. *See id.* at *11. If plaintiff had alleged that defendants had actually terminated her because of tardiness but told the office that it was because she sent illegal emails, for example, then plaintiff may have stated a claim.

Here, like in *Ruifang Hu*, Plaintiff has not alleged that either of Defendants' statements were false. As this court explained in granting Defendants' prior motion to dismiss, "Defendants' two statements declare only that Plaintiff's membership was rescinded for a Code of Conduct, Section 4 violation." Mem. Op. at 6. Plaintiff disagrees that he violated the Code of Conduct, but does not claim Defendants made a false statement by explaining that the violation was the reason for rescinding his membership. *See Ruifang Hu*, 2020 WL 1189297, at *11. In fact, Plaintiff acknowledges that Defendants "expelled Plaintiff from NAS on the grounds of" sexual harassment allegations, which Plaintiff also admits would violate the Code of Conduct, if true. Am. Compl. ¶¶ 16, 20. Moreover, this court previously reasoned that "Plaintiff has not alleged any facts showing that Defendants[] . . . knew the harassment allegations were false, or that their investigation into the allegations was deficient." Mem. Op. at 6. So too here. In granting Defendant's first motion to dismiss, the court gave Plaintiff the opportunity to address these shortcomings; he has not done so.

Plaintiff first contends that Defendants' statements are defamatory because they send the message that Plaintiff did, in fact, violate the Code of Conduct. Pl.'s Opp'n to Defs.' Mot. to Dismiss, ECF No. 17 at 6–7 ("Opp'n"). That argument, however, presses a defamation by implication theory, addressed in Count Two. *See infra* Section III.B; *see also* Mem. Op. at 5–6

4

("Plaintiff argues that the reason his NAS membership was revoked . . . is defamatory . . . . This appears to be a defamation by implication claim.").

Plaintiff next relies on two D.C. Court of Appeals cases, *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873 (D.C. 1998), and *Clampitt v. American University*, 957 A.2d 23 (D.C. 2008). Opp'n at 7–10. But both *Wallace*, 715 A.2d at 877–78, and *Clampitt*, 957 A.2d at 39–43, addressed whether the challenged statements were capable of defamatory meaning—not whether plaintiffs pled that the statements were false. And in *Clampitt*, defendants publicly stated that plaintiff was fired because of a "continuing pattern" of "financial deficit and morale problems," which "raise[d] a jury question about whether [defendants] defamed Clampitt by publicly appearing to adopt the allegations of financial mismanagement in" prior press reports. *Id.* at 41. Here, by contrast, Defendants stated only that they rescinded Plaintiff's membership because he violated the Code of Conduct, Am. Compl. ¶¶ 14–15, which could have meant anything from harassment to bullying to discrimination to treating others with disrespect.

Finally, Plaintiff argues that "the truth defense to defamation" tests whether the "*substance* of the communication" is true. Opp'n at 11. But Defendants have not invoked an affirmative defense at this stage. Rather, they argue that Plaintiff has failed to plead an element of both defamation and false light claims—that Defendants made a false statement. *See Corcoran*, 174 F.3d at 215 (citation omitted); *Armstrong* A.3d at 188 (citation omitted).

**B.     Count Two**

In response to this court's invitation in its prior opinion, Mem. Op. at 6, Plaintiff added a defamation by implication claim in his Amended Complaint. "A defamation by implication stems not from what is literally stated, but from what is implied." *White v. Fraternal Ord. of*

5

*Police,* 909 F.2d 512, 518 (D.C. Cir. 1990).  The theory "is that even concededly accurate information is capable of bearing a defamatory meaning." *Id.* at 519.

To state a claim for defamation by implication, a plaintiff must plead that the defendant's statements, "viewed in [their] entire context," were "capable of bearing a defamatory meaning" and "contained or implied provably false statements of fact." *Fells v. Serv. Empls. Int'l Union*, 281 A.3d 572, 586 (D.C. 2022) (citation omitted).  "The language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author intends or endorses the inference." *Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 596 (D.C. 2000) (citation omitted).  The author must have "done something beyond the mere reporting of true facts to suggest that the author . . . intends or endorses the inference." *White*, 909 F.2d at 520. Applying this framework, a court in this district held that plaintiff failed to state a defamation by implication claim because he did not allege that defendant, by stating "his opinion" that the Democratic National Committee ("DNC") was "engaged in nefarious activities," intended to or affirmatively endorsed the implication that plaintiff's job was to "execute the DNC's plan to cover up [a] murder." *Bauman v. Butowsky*, 377 F. Supp. 3d 1, 15 (D.D.C. 2019).

Even viewing Plaintiff's allegations as true, the court cannot find that Defendants' statements implied that Plaintiff sexually harassed a student.  As Plaintiff concedes, Defendants "referred to Section Four of the NAS Code of Conduct," but did not "specifically refer[] to any of [Plaintiff's] alleged actions."  Am Compl. ¶¶ 68–69.  Moreover, Section Four of the Code of Conduct refers to more than just sexual harassment; it prohibits "all forms of discrimination, harassment, and bullying" as well as requires members to "treat all individuals in the scientific enterprise collegially and with respect."  *Id.* Ex. 2 at 1.  Thus, as Defendants note, Plaintiff has

6

not alleged that any of Defendants' statements implied that Plaintiff engaged in sexual harassment. *See* Mem. Op. at 6.

Plaintiff argues that because Defendant McNutt was quoted in an article that discussed the sexual harassment allegations, "any reader would infer that McNutt and NAS indeed revoked Castillo's membership due to sexual harassment." Am. Compl. ¶¶ 70–71; *see* Opp'n at 15–16. But neither McNutt nor NAS were quoted saying anything related to sexual harassment. Rather, McNutt said only that NAS "members need to be role models not only in what they have achieved, but also in setting the highest standards for professional conduct." Am. Compl. ¶ 70. The article does not attribute any sexual harassment allegations to Defendants, or even draw an explicit connection between the sexual harassment allegations and NAS's decision to rescind Plaintiff's membership. *See id.* Ex. 2. By making a statement in an article in which the sexual harassment allegations are mentioned, Defendants did not "affirmatively suggest that [they] intend[] or endorse[] the inference" that they rescinded Plaintiff's membership because of those allegations. *See Wilner*, 760 A.2d at 596 (citation omitted). Consequently, the court will dismiss Count Two.

## C. Effect of Dismissal

"Dismissal with prejudice is the exception, not the rule, in federal practice." *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). It "is warranted only when the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id.* (citation omitted).

To state a claim for defamation or false light under Counts One or Three, Plaintiff would need to allege that his NAS membership was not rescinded because of a Code of Conduct, Section Four violation, but his Amended Complaint concedes that point. *See* Am. Compl. ¶¶ 16,

7

20. Moreover, this court already allowed Plaintiff to amend his first Complaint, which included these defamation and false light claims. *See* Mem. Op. at 6–7. His Amended Complaint suffers from the same pleading deficiencies. *See supra* Section III.A. Consequently, the court will dismiss Counts One and Three with prejudice.

Plaintiff may, however, be able to state a defamation by implication claim if he can plead additional facts tying Defendants' statements to the sexual harassment allegations. *See supra* Section III.B. And Plaintiff did take the court's suggestion that his defamation claim was really a defamation by implication claim, Mem. Op. at 5–6, adding it for the first time in his Amended Complaint. Accordingly, the court will dismiss Count Two without prejudice.[1]

### IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion to Dismiss, ECF No. 14. An Order will accompany this Memorandum Opinion.

Date: March 28, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] Plaintiff argues that if the court grants Defendants' Motion, it should grant Plaintiff leave to amend his Complaint once more. Opp'n at 16–17. Courts "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule 15(a) standard, however, addresses standalone motions for leave to amend pleadings. *See Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014) ("Rule 15(a)—even as liberally construed—applies only when the plaintiff actually has moved for leave to amend the complaint; absent a motion, there is nothing to be freely given." (citation omitted)). Thus, the court will address this request only if Plaintiff files a motion.